[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2005
THOMAS K. KAHN
CLERK

No. 04-11620
Non-Argument Calendar

_____

D.C. Docket No. 03-00337-CR-ODE-1-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

    versus

YARIE CONTE,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 25, 2005)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Yarie Conte appeals her 151-month concurrent sentences for possession with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i), and importation of at least one kilogram of heroin into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and (b)(1)(A). On appeal, Conte argues that the district court violated her Fifth and Sixth Amendment rights by determining her base offense level based on a fact–the quantity of drugs attributable to her–that was not charged in the indictment, proven to a jury or passed on by the grant jury, nor admitted to by Conte.[1] She bases her arguments on Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004), which was extended to the federal sentencing guidelines in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). Conte raises these arguments for the first time on appeal.[2]

---

[1]The Presentence Investigation Report ("PSI") indicates that Conte possessed 6.523 kilograms of heroin at the time of her arrest. PSI ¶ 5. Although she was convicted of possession with intent to distribute and importation of at least one kilogram of heroin, the district court deemed 6.523 kilograms as the relevant drug quantity and calculated Conte's base offense level at 34, pursuant to the Drug Quantity Table under U.S.S.G. § 2D1.1.

[2] In the district court, Conte objected that drug quantity used to calculate her base offense level over-represented her conduct because she was not aware of a portion of the drugs in her possession. On appeal, Conte contends that this objection was sufficient to preserve the Blakely, now Booker, issue on appeal. However, Conte's objection made "no reference to the Sixth Amendment, or a right to have the issue of drug quantity decided by a jury rather than a judge. There was no citation to Apprendi or to other cases in that line of cases. There was no challenge to the role of the judge as fact-finder with respect to the sentencing facts." United States v. Dowling, __ F.3d __, __ (11th Cir. 2005). Accordingly, we conclude that she did not make a constitutional objection which could preserve the Booker error.

Because Conte did not raise her <u>Booker</u> objections in the district court, we review for plain error. <u>See</u> <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir. 2005). We may correct an error under the plain error standard only if (1) there is error, (2) the error is plain, and (3) the error affects substantial rights. <u>See id.</u> If these three prongs are satisfied, we may then exercise our discretion to correct an error if it "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" <u>Id.</u> (citation omitted).

Under <u>Booker</u>, a defendant's Sixth Amendment right to a trial by jury is violated where a district court, applying a mandatory guidelines system, increases a sentence based on judicially found facts that go beyond those found by the jury nor admitted by the judge. <u>See id.</u> Applying <u>Booker</u>, we have held that the first two prongs of the plain error test are satisfied if the district court considered the Federal Sentencing Guidelines mandatory and relied on a judicially found fact to enhance a defendant's sentence. <u>Id.</u> at 1298-99. Accordingly, in this case, Conte meets the first two prongs of the plain error test.

To satisfy the third prong of the plain error test, a defendant whose sentence was imposed before <u>Booker</u> must prove that there exists a reasonable probability that her sentence would have been different had the district court applied the guidelines as though they were advisory rather than mandatory. <u>Id.</u> at 1301. If the

3

record provides no indication that the district court would have imposed a different sentence, the defendant cannot prove that the plain error affected her substantial rights, and she does not meet the third prong of the plain error test. <u>Id.</u> at 1304. In this case, Conte fails to satisfy the third prong of the plain error test because there is no evidence in the record that the district court would have imposed a lesser sentence had it deemed the guidelines advisory. Accordingly, we conclude that the district court properly set Conte's base offense level at 34 based upon the quantity of drugs determined at sentencing.

**AFFIRMED.**